IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**KYLE SCHNEIDER, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:22-cv-4672

**PLAINFIELD PIZZA, INC.,**     **DEFENDANTS**
**and RAFAEL MORENO**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Kyle Schneider ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Plainfield Pizza, Inc., and Rafael Moreno (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay Plaintiff sufficient wages under the FLSA, the IMWL and the IWPCA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA, the IMWL and the IWPCA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This complaint also alleges IMWL and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

8. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Will County.

10. Separate Defendant Plainfield Pizza, Inc. ("Plainfield"), is a domestic for-profit corporation.

11. Plainfield's registered agent for service of process is Jeff L. Rosati at 4505 Bryan Place, Downers Grove, Illinois 60515.

12. Separate Defendant Rafael Moreno ("Moreno") is an individual and resident of Illinois.

## IV. FACTUAL ALLEGATIONS

13. Moreno is a principal, director, officer, and/or owner of Plainfield.

14. Moreno took an active role in operating Plainfield and in the management thereof.

15. Moreno, in his role as an operating employer of Plainfield, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

17. Moreno, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

18. Defendants own and operate Vita Bella Pizza franchises in Illinois.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the fast-food industry.

21. Defendant is an "employer" within the meaning set forth in the FLSA and the IMWL, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

22. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

23. Specifically, Defendant employed Plaintiff as an hourly-paid Delivery Driver from approximately March of 2019 until October of 2020.

24. Defendant also employed other hourly-paid Delivery Drivers within the three years preceding the filing of this lawsuit.

25. At all relevant times herein, Defendant directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. At all times material herein, Plaintiff and other Delivery Drivers have been entitled to the rights, protections and benefits provided under the FLSA and IMWL.

27. Defendant classified Plaintiff as an independent contractor exempt from the overtime provisions of the FLSA and the IMWL.

28. Defendant also classified other Delivery Drivers as independent contractors, exempt from the overtime provisions of the FLSA and the IMWL.

29. Defendant paid Plaintiff a piece rate per delivery.

30. Specifically, Defendant paid Plaintiff approximately $2.00 per delivery.

31. Therefore, Plaintiff was paid neither an hourly rate nor a salary.

32. Upon information and belief, Defendant also paid other Delivery Drivers a piece rate per delivery of approximately $2.00 per delivery.

33. Plaintiff's and other Delivery Drivers' pay was based solely on the number of deliveries they made.

34. Plaintiff's and other Delivery Drivers' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

35. Defendant, at all times relevant hereto, knew that Plaintiff and other Delivery Drivers were acting as employees, rather than as independent contractors, and treated them as employees.

36. Plaintiff and other Delivery Drivers did not financially invest in Defendant's business.

37. Plaintiff and other Delivery Drivers did not share in the profits or losses of the Defendant's business.

38. Defendant, not Plaintiff or other Delivery Drivers, set prices for deliveries.

39. Defendant determined Plaintiffs' and other Delivery Drivers' pay scale for services without input from or negotiation with Plaintiff and other Delivery Drivers.

40. Defendant, not Plaintiff or other Delivery Drivers, decided whether and how many Delivery Drivers to hire.

41. Plaintiff and other Delivery Drivers were hired to work for Defendant for a continuous and ongoing period of time.

42. Plaintiff and other Delivery Drivers did not have any control of or authority over any employee's rate of pay or working hours.

43. Defendant set the Defendant's business policies and rules and had complete control over the venue.

44. Defendant set the schedule for Plaintiff and other Delivery Drivers.

45. Defendant required Plaintiff and other Delivery Drivers to follow Defendant's business policies and rules.

46. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Delivery Drivers' input.

47. Upon information and belief, if Plaintiff and other Delivery Drivers refused an assignment from Defendant, they risked discipline, up to and including termination.

48. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices and procedures to all Delivery Drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

49. Plaintiff and other Delivery Drivers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

50. Plaintiff worked over forty hours in at least some weeks during his employment with Defendant.

51. Upon information and belief, other Delivery Drivers also regularly or occasionally worked more than forty hours per week.

52. Defendant failed to pay Plaintiff 1.5x their base hourly rate for hours worked over 40 each week.

53. Defendant failed to pay other Delivery Drivers 1.5x their base hourly rate for hours worked over 40 each week.

54. Plaintiff worked sufficient hours for Defendant that his constructive hourly rate fell below the statutory minimum.

55. Upon information and belief, other Delivery Drivers also worked sufficient hours per week that their constructive hourly rate fell below the applicable minimum wage.

56. Defendant requires Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

57. Defendant requires Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for Delivery Drivers to complete their job duties.

58. Pursuant to such requirements, Plaintiff and other Delivery Drivers purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

59. Defendant does not track Plaintiff's or other Delivery Drivers' actual expenses nor does Defendant keep records of all of those expenses.

60. Defendant does not reimburse Plaintiff and other Delivery Drivers for their actual expenses.

61. Defendant does not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate.

62. Defendant does not reimburse Plaintiff and other Delivery Drivers at a reasonable approximation of Delivery Drivers' expenses.

63. Defendant does not provide any reimbursement to Plaintiff and other Delivery Drivers for expenses incurred.

64. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

65. Because Defendant failed to reimburse Plaintiffs and other Delivery Drivers for mileage, they consistently "kicked back" to Defendant the cost of their mileage, which caused additional overtime violations.

66. According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

>2019: 58 cents/mile
>2020: 57.5 cents/mile
>2021: 56 cents/mile
>January 1, 2022 to June 30, 2022: 58.5 cents/mile
>July 1, 2022 to December 31, 2022: 62.5 cents/mile

67. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated Delivery Drivers, they were deprived of minimum wages guaranteed to them by the FLSA.

68. At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all Delivery Drivers at their stores.

69. All of Defendant's Delivery Drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses;

completed deliveries of similar distances and at similar frequencies; and were paid less than the applicable minimum wage rate before deducting unreimbursed vehicle costs.

70. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

71. Because Defendant paid Plaintiff and other Delivery Drivers a gross hourly wage at or around the applicable minimum wage, and because Plaintiff and other Delivery Drivers incurred unreimbursed automobile expenses and other job expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

72. The amount Plaintiff "kicked back" to Defendant caused his constructive hourly rate to fall even further below the statutory minimum wage.

73. Plaintiff and other Delivery Drivers regularly spent approximately an hour waiting to receive a delivery. Because Plaintiff and other Delivery Drivers were paid per delivery, they were not paid for the time they spent waiting for a delivery even though they were required to remain at Defendant's facilities during that time.

74. At all relevant times herein, Defendant has deprived Plaintiffs and other Delivery Drivers of a lawful minimum wage for all hours worked and proper overtime compensation for all the hours worked over forty per week.

75. Plaintiff incurred damages in all or most weeks that he was employed by Defendant.

76. Specifically but without limitation, Plaintiff incurred damages in the following weeks: January 6, 2020; January 13, 2020; and January 20, 2020.

77. Defendant knew or should have known that it was not paying Plaintiff and other Delivery Drivers sufficient minimum wages and overtime premiums.

78. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified him as an independent contractor in order to avoid paying him a proper minimum wage or overtime premium for hours worked over forty each week.

79. Defendant made no reasonable efforts to ascertain and comply with applicable law.

80. Defendant has willfully failed to pay minimum wage and overtime premiums to Plaintiff and similarly situated Delivery Drivers.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

81. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Minimum wages for all hours worked;

B.    Overtime premiums for all hours worked for Defendant in excess of forty each week;

C.    Liquidated damages; and

D.    Attorney's fees and costs.

82. Plaintiff proposes the following collective under the FLSA:

**All Delivery Drivers in the last three years.**

83. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

84. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

85. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid on a piece-rate basis;

    B. They were classified by Defendant as exempt from the minimum wage and overtime requirements of the FLSA;

    C. They were subject to the numerous policies and practices described above;

    D. They had substantially similar job duties and requirements;

    E. They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

    F. They were subject to Defendant's common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendant's restaurants; and

    G. They did not receive a lawful minimum wage or overtime premium.

86. Plaintiff's claims are essentially the same as those of the putative collective.

87. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

88. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds twenty persons.

89. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

90. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

91. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

92. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

93. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

94. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

95. During the period relevant to this lawsuit, Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

96. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

97. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

98. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

99. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
**(Individual Claim for Violation of the IMWL)**

74. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

75. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

76. IMWL, 820 ILCS 105/4(a)(1) requires employers to pay all employees a lawful minimum wage.

77. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

78. Defendant failed to pay Plaintiff a sufficient hourly wage for all hours worked in a week as required by the IMWL.

79. Defendants failed to pay Plaintiff 1.5x his regular hourly rate for hours

worked over 40 each week.

80. Defendants knew or should have known that their practices violated the IMWL.

81. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

82. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

83. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the IWPCA)

84. At all times relevant herein, Defendants were the "employer" of Plaintiff within the meaning of the IWPCA.

85. At all times relevant herein, Plaintiff was Defendants' "employee" within the meaning of the IWPCA.

86. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

87. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

88. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

89. Defendants did not pay Plaintiff all wages and final compensation due.

90. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

91. Defendants knew or should have known that their actions violated the IWPCA.

92. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

### IX. FOURTH CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA)

93. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

94. At all relevant times, Defendants have been, and continue to be, an

enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

95. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

96. Defendants classified Plaintiff and other similarly situated employees as exempt from the requirements of the FLSA.

97. Despite the entitlement of Plaintiff and all others similarly situated to overtime wages under the FLSA, Defendant failed to pay Plaintiff and all others similarly situated lawful overtime wages for all hours worked over forty each week.

98. Defendants failed to pay Plaintiff and other similarly situated employees a lawful minimum wage for all hours worked.

99. Defendants knew or should have known that its actions violated the FLSA.

100. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

101. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees as provided by the FLSA for all violations which occurred within three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

102. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premiums pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

103. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kyle Schneider, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the IMWL, the IWPCA and the attendant regulations;

D. Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the IMWL, the IWPCA and attendant regulation;

E. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA, the IMWL, and the IWPCA, and attendant regulation ;

F. An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee, pre-judgment interest, and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    **KYLE SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
    Little Rock, Arkansas 72211
    Telephone: (501) 221-0088
    Facsimile: (888) 787-2040

    */s/ Colby Qualls*
    Colby Qualls
    Ark. Bar No. 2019246
    colby@sanfordlawfirm.com

    */s/ Josh Sanford*
    Josh Sanford
    Ark. Bar No. 2001037
    josh@sanfordlawfirm.com